UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EZRA BENJAMIN,
    *Plaintiff*,

v.

OMPRAKASH PILLAI, *et al.*,
    *Defendants*.

No. 3:16-cv-1721 (JAM)

**INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A**

    Plaintiff Ezra Benjamin is confined at the MacDougall-Walker Correctional Institution in Connecticut. He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 alleging that he has been unconstitutionally denied medical treatment and threatened with retaliation for complaining. After an initial review, the Court concludes that the complaint should be served on all defendants.

### BACKGROUND

    Plaintiff names four defendants, Dr. Omprakash Pillai, Rikel Lightner, Nurse Heidi, and Health Services Administrative Remedies Coordinator Lydia, all of whom work at MacDougall-Walker Correctional Institution ("MacDougall"). All defendants are named in individual capacities only.

    The following allegations from plaintiff's complaint are accepted as true for purposes of the Court's initial review. During his current term of incarceration, plaintiff began experiencing lower back pain that radiated down the back of his right leg. Doc. #1 at 4 (¶ 12). He first sought treatment in 2015 while confined at Corrigan Correctional Institution. *Id.* at 4 (¶ 13). On June 2, 2016, plaintiff was transferred to MacDougall along with his medical records. *Id.* at 4 (¶¶ 14–15). During the medical intake screening, plaintiff informed the medical staff of his severe back

pain. He was told that Dr. Pillai would review his medical record within one month. *Id.* at 4–5 (¶ 16).

On June 13, 2016, plaintiff wrote to the medical department asking to be seen for his severe back pain. Plaintiff stated that the Motrin 600 mg he had been given did not cure his pain and requested an MRI. *Id.* at 5 (¶ 17). Plaintiff stated that the pain had begun in his left lower back and at first affected only his left leg but now affected both legs. He had limited mobility, walking with a severe limp. The pain and discomfort affected his sleep. Plaintiff requested an MRI, a cane, a back brace, and also a high-protein diet to address weight gain from limited mobility. *Id.* at 5 (¶¶ 18–19). On June 17, 2016, plaintiff submitted an additional request seeking medical treatment for pain. *Id.* at 6 (¶ 20).

On July 7, 2016, plaintiff submitted a health services administrative remedy seeking a health services review for denial of medical care. Plaintiff restated his medical complaints and asked for a cane, back brace, and proper pain medication. *Id.* at 6 (¶ 21). Dr. Pillai saw plaintiff on July 15, 2016. Plaintiff requested an MRI during that visit. *Id.* at 6 (¶ 22). Dr. Pillai ordered blood and urine tests and an x-ray, but he refused to order an MRI. *Id.* at 6 (¶ 23). When plaintiff requested a cane, Dr. Pillai called him a "pain in the ass" and told plaintiff that he would get no treatment if he continued writing grievances. *Id.* at 7 (¶¶ 25–26).

On July 28, 2016, plaintiff wrote to the medical unit to inform medical staff that, although he had provided blood and urine samples, he had not received the x-ray or naproxen that had been ordered by Dr. Pillai. *Id.* at 7 (¶¶ 27–28). On August 10, 2016, plaintiff was informed that the pharmacy does not fill naproxen prescriptions in the manner ordered and that Dr. Pillai would have to resubmit the order in the proper manner.  No reference was made to the

x-ray. *Id.* at 7–8 (¶ 29).

On August 22, 2016, plaintiff submitted a second health services administrative remedy seeking a health services review in accordance with Administrative Directive 8.9. Plaintiff cited extreme back and leg pain, loss of sleep, and lack of diagnostic testing to determine the cause of his condition. *Id.* at 8 (¶ 30). Plaintiff also complained that he never received the x-ray and was being denied prescribed medication. *Id.* at 8 (¶ 31). Defendant Lydia failed to respond. *Id.* at 8 (¶ 32).

On August 30, 2016, plaintiff was unable to stand to lift himself from the toilet. He was brought to the medical unit in a wheelchair. *Id.* at 8 (¶ 33). The nurse wrote a note for Dr. Pillai informing him that he needed to order naproxen to be given twice per day rather than as needed. She also requested a cane for plaintiff and gave him a box of Motrin 200 mg. *Id.* at 9 (¶¶ 34–35).

On September 7, 2016, plaintiff still had not received the naproxen, x-ray, back brace, or cane. *Id.* at 9 (¶ 36). Plaintiff wrote several requests addressed to Nurse Heidi (the first shift supervisor) seeking medical treatment, a back brace and a cane. *Id.* at 9 (¶ 37). Plaintiff also wrote to Health Services Director Lightner. *Id.* at 9 (¶ 38).

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless its factual recitations state a claim for

relief that is plausible on its face. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014). Nevertheless, it is well-established that "pro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013).

Plaintiff includes, nominally, six counts in his complaint: (1) Dr. Pillai violated the Eighth Amendment by ignoring plaintiff's repeated complaints of pain, not performing essential tests, refusing to consult a specialist, denying plaintiff a cane and back brace, and not providing naproxen; (2) Dr. Pillai was deliberately indifferent to plaintiff's medical needs by considering him a nuisance, threatening a denial of treatment, and failing to investigate his complaints to properly diagnose plaintiff's condition; (3) Dr. Pillai retaliated against plaintiff by refusing to provide plaintiff a cane, back brace, and medication because plaintiff complained about his medical care; (4) Dr. Pillai delayed plaintiff's medical treatment by disregarding repeated requests for treatment; (5) defendant Lydia violated plaintiff's Eighth Amendment rights by failing to respond to his grievances; and (6) defendants Lydia, Heidi, and Lightner were deliberately indifferent to plaintiff by failing to provide adequate medical care and treatment and failing to report misconduct by medical staff, including Dr. Pillai's failure to provide medication and staff failure to respond to and investigate grievances. Doc. #1 at 10–14. As discussed below, these counts are essentially reducible to three claims: deliberate indifference to medical needs in violation of the Eighth Amendment, retaliation in violation of the First Amendment, and failure to respond to grievances.

*1.     Deliberate Indifference*

Although plaintiff alleges that the denial of medical treatment constitutes both deliberate

indifference to a serious medical need and cruel and unusual punishment, these are not distinct claims. A section 1983 claim for denial of medical care is legally sufficient if the alleged actions or omissions constitute cruel and unusual punishment in violation of the Eighth Amendment. This standard is met when the defendants' "acts or omissions [are] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000).

To state a claim for deliberate indifference to a serious medical need, plaintiff must show both that his medical need was serious and that defendants acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003). There are both objective and subjective components to the deliberate indifference standard. *See Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). Objectively, the alleged deprivation must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The condition must produce death, degeneration or extreme pain. *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). Subjectively, the defendants must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of their actions or inaction. *See Salahuddin v. Goord*, 467 F.3d 262, 279–80 (2d Cir. 2006). Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not cognizable under section 1983. *See id.* Nor does a difference of opinion regarding what constitutes an appropriate response and treatment constitute deliberate indifference. *See Ventura v. Sinha*, 379 F. App'x 1, 2–3 (2d Cir. 2010); *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). While a mere disagreement over treatment is not cognizable under section 1983, the treatment actually given must be adequate. *See Chance*, 143 F.3d at 703.

Plaintiff has alleged severe back pain, of a degree that has interfered with his sleep and his normal daily functioning; at one point, his pain prevented him from rising from the toilet without medical help. Such severe back pain constitutes a serious medical need sufficient for the objective component of the deliberate indifference test. *See, e.g.*, *Guarneri v. Hazzard*, 2008 WL 552872, at *6 (W.D.N.Y. 2008); *Faraday v. Lantz*, 2005 WL 3465846, at *5 (D. Conn. 2005).

The subjective component of the deliberate indifference test requires that the charged officials fail to act "while actually aware of a substantial risk" of the serious harm to the patient. *Spavone v. NY State Dept. of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013). Plaintiff alleges that defendants provided almost no treatment for his pain, continued to deny him treatment even in the face of multiple requests or complaints, and threatened him with the further denial of treatment should he complain. Doc. #1 at 5–9. Defendants' examination of plaintiff, receipt of plaintiff's complaints and requests, and discussion of plaintiff's condition with him all demonstrate that they were aware of plaintiff's condition. *Id.*

Dr. Pillai's decisions to deny plaintiff a cane, back brace, and MRI might arguably be viewed as a disagreement with a patient over the appropriate treatment method, which would not rise to the level of an Eighth Amendment violation. *See Chance*, 143 F.3d at 703. But plaintiff has allegedly received almost no treatment, aside from a single allotment of Motrin. He has been denied the naproxen that Dr. Pillai prescribed, despite giving notice to Dr. Pillai that a change in prescription directions was required before the pharmacy would dispense the drug. The Constitution does not mandate a particular form of treatment, but it does demand adequate treatment. *Id.* If plaintiff's allegations are true, there may be a violation of the Eighth

6

Amendment, and so plaintiff's Eighth Amendment claim shall proceed.

    2.    *Retaliation*

Plaintiff alleges that Dr. Pillai retaliated against him by denying treatment because plaintiff submitted grievances. To state a claim for retaliation, plaintiff must allege facts showing that he was engaged in constitutionally protected activity, that the defendant took adverse action against him, and that there was a causal connection between the protected activity and the adverse action. *See Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003). Filing grievances or lawsuits against correctional staff is a protected activity that may support a retaliation claim. *See id.* at 352–53. Plaintiff has therefore satisfied the first element of retaliation. Plaintiff also contends that he was denied medical treatment, which is an adverse action. "Taking Plaintiff's allegations as true, it is plausible that a denial of medical evaluation, treatment, and adequate pain medication would suffice to deter a similarly situated individual of ordinary firmness from filing a constitutionally protected grievance against a prison doctor." *Burton v. Lynch*, 664 F. Supp. 2d 349, 367 (S.D.N.Y. 2009). Dr. Pillai allegedly threatened to further deny treatment if plaintiff continued to submit grievances—plausibly connecting the adverse action to plaintiff's protected activity. Thus, plaintiff alleges facts to support all three elements of retaliation. Plaintiff's retaliation claim will proceed at this time.

    3.    *Failure to Respond to Grievances*

Finally, plaintiff contends that defendant Lydia failed to respond to his grievances. Inmates have no inherent constitutional right to receive responses to grievances. *See Cabassa v. Ostheimer*, 162 F. Supp. 3d 60, 63 (D. Conn. 2016). To the extent that plaintiff's claim against

defendant Lydia is that she was deliberately indifferent to his complaints of pain because she failed to investigate his grievances, that claim is included within the Eighth Amendment claim discussed above. Any additional and independent claim for failure to respond to or investigate grievances is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## CONCLUSION

In accordance with the foregoing analysis, the Court enters the following orders:

(1) Plaintiff's claim against defendant Lydia for failure to investigate grievances is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1). The case will proceed on the First Amendment retaliation claim against defendant Pillai and the Eighth Amendment deliberate indifference to medical needs claims against all defendants.

(2) **The Clerk shall** verify the current work addresses of the defendants with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to each defendant at the confirmed address within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) **The Clerk shall** send written notice to plaintiff of the status of this action, along with a copy of this Order.

(4)     **The Clerk shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5)     Defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver form is sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(7)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9)     If plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. Plaintiff should also notify the defendant or the attorney for

the defendant of his new address.

(10)  Plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court.

It is so ordered.

Dated at New Haven this 28th day of November 2016.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge